CEIPT # 764 17648
AOUNT $ 350
SUMMONS ISSUED Y-3
LOCAL R.LE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 11-17-06

FILED
IN CLERKS OFFICE
2006 NOV 17 P 1: 4'

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

ROOTER MAN Corp. )
                Plaintiff )
)
v. )
) CIVIL ACTION NO.
JOHN DOE INSURANCE, )
RED WOLF LAKESIDE LODGE )
OWNERS ASSOCIATION, INC., and )
RED WOLF LAKESIDE LODGE L.P. ) 06 CA 12082 DPW
)
                Defendants )
)

---

## COMPLAINT FOR DECLARATORY JUDGMENT, DAMAGES, AND DEMAND FOR JURY TRIAL

### INTRODUCTION

This suit is brought by Plaintiff ROOTER MAN Corp. ("Plaintiff") in order to enjoin Defendants John Doe Insurance, and Red Wolf Lakeside Lodge Owners Association, Inc. and Red Wolf Lakeside Lodge L.P. ("Defendants") from their knowing and continuing conduct in threatening Plaintiff with a frivolous lawsuit seeking alleged damages in the amount of $175,000.00. The alleged harm was caused by someone for whose conduct Plaintiff was not and is not legally responsible.

### PARTIES

1. Plaintiff is a corporation, duly organized under laws of the Commonwealth of Massachusetts, with its principal place of business at 268 Rangeway Road, N. Billerica, Massachusetts 01862.

1

2. Upon information and belief, Defendant John Doe Insurance is an insurance company that has its principal place of business in the state of Illinois and that provides insurance services in multiple states, including Massachusetts, and that it is the insurer of Red Wolf Lakeside Lodge Owners Association, Inc. and/or Red Wolf Lakeside Lodge L.P., the owner of Red Wolf Lodge at Squaw Valley, 2000 Squaw Loop Road, Olympic Fields, California, 96146.

3. Upon information and belief, Red Wolf Lakeside Lodge Owners Association, Inc., is a California corporation with its principal business place at 5900 Pasteur Ct., Suite 200, Carlsbad, California 92008.

4. Upon information and belief, Red Wolf Lakeside Lodge L.P., is a California limited partnership with its principal business place at 5900 Pasteur Ct., Suite 200, Carlsbad, California 92008.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the present action based on 28 U.S.C. § 2201 and 28 U.S.C. § 1332.

6. Defendants established sufficient contact with the Commonwealth of Massachusetts that personal jurisdiction over Defendants is appropriate under the Massachusetts Long-arm statute and Constitutional Due Process.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS RELEVANT TO ALL COUNTS

8. Plaintiff is a corporation duly organized under laws of the Commonwealth of Massachusetts.

9. Plaintiff is in the business of selling tools and supplies in connection with plumbing, sewer, and drain cleaning services.

10. Plaintiff has made no contact in any manner with Defendants Red Wolf Lakeside Lodge Owners Association, Inc., Red Wolf Lakeside Lodge L.P. ("Defendants Red Wolfs"), and/or their agents, representatives, employees, or other affiliates, in the state of California or elsewhere. *See Affidavit of Donald MacDonald,* ¶3.

11. Upon information and belief, there are approximately 321 operating units nationwide that are operated by Rooter Man franchisees using the Rooter Man name.

12. Upon information and belief, Defendants Red Wolfs own the Red Wolf Lodge at Squaw Valley, which is located at 2000 Squaw Loop Road, Olympic Fields, California ("Red Wolf Lodge at Squaw Valley").

13. Plaintiff's own investigation revealed that A-Rooter-Man Plumbing, Sewer & Drain Cleaning Service, Inc., at 904 W 7th St., Suite 305, Reno, NV 89503, aka A Rooter Man of Truckee, at P.O. Box 9832, Truckee California ("A-Rooter-Man of Truckee"), an independently owned Nevada corporation doing business in California, conducted a pipe installation work at Red Wolf Lodge at Squaw Valley, on or about May 12, 2006.

14. On or about May 16, 2006, based on information and belief, the clubhouse of Red Wolf Lodge at Squaw Valley had an explosion, which caused the alleged loss in dispute.

15. A-Rooter-Man of Truckee is not an employee, agent, or representative of Plaintiff. Plaintiff has no control whatsoever over any business operations of A-Rooter-Man of Truckee.

16. Plaintiff did not agree, in any manner, to be responsible for any conduct by A-Rooter-Man of Truckee.

17. None of Plaintiff, its employees, agents, representatives, or other person on behalf of Plaintiff, did any thing in connection with the piping installation for Red Wolf Lodge at Squaw Valley.

18. Upon information and belief, A-Rooter-Man of Truckee carries proper liability insurance that would cover Defendants Red Wolf's alleged loss if liability were found against the insured. Additionally, said insurance policy named Defendants "Red Wolf Lakeside Lodge" as an additional insured.

19. On or about May 23, 2006, Defendant John Doe Insurance, through its attorney, sent a letter to Plaintiff alleging potential claim against Plaintiff for the full extent of Defendants Red Wolf's loss as a result of the explosion at Red Wolf Lodge at Squaw Valley on or about May 16, 2006. *Attached hereto as Exhibit 1 is a true and accurate copy of said letter.*

20. Upon information and belief, after the explosion of May 16, 2006, A-Rooter-Man of Truckee provided Defendants with sufficient documents evidencing the insurance coverage naming Defendants Red Wolfs as additional insured. Further, both Defendant John Doe Insurance and the insurer of A-Rooter-Man of Truckee conducted on site inspections and the tests.

21. Upon information and belief, the tests conducted by the insurer of A-Rooter-Man of Truckee revealed that the explosion was caused by concealed and deteriorated piping system of the clubhouse, which was not part of the piping installation performed at the clubhouse on or about May 12, 2006.

22. On or about September 26, 2006, Defendant John Doe Insurance sent another letter to Plaintiff formally demanding monetary damages in the amount of $175,000.000 within thirty (30) days and threatening Plaintiff with litigation if Plaintiff refused to pay. *Attached hereto as Exhibit 2 is a true and accurate copy of said letter.*

23. On or about October 16, 2006, Plaintiff, through its attorney, responded to Defendant John Doe Insurance's letter and explained that Plaintiff had no connection with the alleged loss of Defendants Red Wolfs. In the same letter, Plaintiff requested that Defendant John Doe reply

to the letter within twenty (20) days from the date of the letter. *Attached hereto as Exhibit 3 is a true and accurate copy of said letter.*

24. To date, Defendants took no action to contact Plaintiff.

25. Defendant John Doe Insurance's two (2) letters, especially the letter of September 26, 2006, created reasonable apprehension that Plaintiff will be sued if it does not pay the $175,000.00 within thirty (30) days from the date of the letter.

## COUNT I
### (Unfair and Deceptive Business Practice)

26. The allegations of paragraphs 1-24 of the Complaint are realleged and incorporated herein.

27. Defendants threatened Plaintiff with lawsuit knowing that Plaintiff did not conduct the installation, which allegedly was negligently performed and caused the loss in dispute.

28. Defendants threatened Plaintiff with lawsuit after they were provided with sufficient documents evidencing proper insurance coverage to cover the loss in dispute.

29. Defendants still intend to sue Plaintiff for the loss in dispute after Plaintiff clarified with them that the alleged loss was caused by someone's conduct for whom Plaintiff was not and is not legally responsible.

30. Defendants' conduct constitutes unfair and deceptive business practices in commerce.

31. As a result of the Defendants' willful and knowing deceptive business practices, Plaintiff will suffered damages, including without limitation damages to its outstanding reputation in the field, and will suffer foreseeable economic loss in connection with defending a lawsuit that Defendants intend to frivolously file.

WHEREFORE, Plaintiff requests judgment against Defendants for multiple damages, interest, and costs plus attorneys fees.

## COUNT II
### (Defamation)

32. The allegations of paragraphs 1-30 of the Complaint are realleged and incorporated herein.

33. Defendants threatened Plaintiff with lawsuit knowing that Plaintiff did not conduct the installation, which allegedly was the cause of the loss in dispute.

34. The two letters including the allegation that Plaintiff was liable for the alleged loss in dispute were forwarded to many other people and companies.

35. Defendants' distribution of the two letters falsely liability of Plaintiff, knowing that the allegations were not true, constitutes defamation.

36. Defendants' intentional defamatory conduct against Plaintiff caused Plaintiff damages including without limitation damages to Plaintiff's outstanding reputation in the field.

WHEREFORE, Plaintiff requests judgment against Defendants for multiple damages, interest, and costs plus attorneys fees.

## COUNT III
### (Tortious Interference with Business Relationship)

37. The allegations of paragraphs 1-35 of the Complaint are realleged and incorporated herein.

38. Defendants threatened Plaintiff with lawsuit knowing that Plaintiff did not conduct the installation, which allegedly was the cause of the loss in dispute.

39. The two letters, including the allegation that Plaintiff was liable for the alleged loss in dispute were forwarded to many other people and companies including customers of Plaintiff.

40. Defendants' intentional defamatory conduct against Plaintiff caused Plaintiff damages including without limitation damages to Plaintiff's outstanding reputation in the field, and particularly to its reputation and relationships with its customers.

6

41. Defendants' above conduct against Plaintiff constitutes tortious interference with business relationships between Plaintiff and its customers.

WHEREFORE, Plaintiff requests judgment against Defendants for multiple damages, interest, and costs plus attorneys fees.

### REQUESTS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this honorable Court:

1. enter a declaratory judgment declaring that Defendants are without right or authority to threaten or maintain any action or lawsuit against Plaintiff for alleged loss as a result of the explosion at Defendant Red Wolf's lodge on or about May 16, 2006; and

2. enter an order enjoying Defendants from threatening or maintain any action or lawsuit against Plaintiff for alleged loss as a result of the explosion at Defendant Red Wolf's lodge on or about May 16, 2006;

3. enter a judgment against Defendants for multiple damages, interest, and costs plus reasonable attorney fees; and

4. enter any such other relief as the Court deems just and proper.

### PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS SO TRIABLE

Respectfully Submitted
ROOTER MAN Corp.
By its attorney,

Juan (Jenny) Liu, BBO# 655921
Jenny J. Liu's Law Office
P.O. Box 290
N. Billerica, MA 01862
Tel: (978) 670-0718

Date: November 17, 2006